# EXHIBIT A

E-FILED
2/27/2017 10:28:59 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV306751
Reviewed By:R. Walker

1 | Larry W. Lee (State Bar No. 228175)
2 | Nick Rosenthal (State Bar No. 268297)
**DIVERSITY LAW GROUP, P.C.**
3 | 515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
4 | (213) 488-6555
5 | (213) 488-6554 facsimile

6 | WILLIAM L. MARDER, ESQ. (CBN 170131)
**Polaris Law Group LLP**
7 | 501 San Benito Street, Suite 200
Hollister, CA 95023
8 | Tel: (831) 531-4214
9 | Fax: (831) 634-0333

10 | Attorneys for Plaintiffs and the Class

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SANTA CLARA

SHANNON SANCHEZ, as an individual and on behalf of all others similarly situated,

    Plaintiffs,

vs.

AMERICAN PARA PROFESSIONAL SYSTEMS, INC., a New York corporation; A.P.P.S OF CALIFORNIA, business entity form unknown; and DOES 1 through 50, inclusive,

    Defendants.

Case No.: **17CV306751**

**CLASS ACTION COMPLAINT FOR DAMAGES FOR:**

(1) VIOLATION OF CAL. LABOR CODE §§226.2, 510, 1194, AND 1197;
(2) VIOLATION OF CAL. LABOR CODE §§ 226.2, 226.7 AND 512 – MEAL BREAKS;
(3) VIOLATION OF CAL. LABOR CODE §§ 226.2 AND 226.7 – REST BREAKS;
(4) VIOLATION OF CAL. LABOR CODE §§ 226(a) AND 226.2;
(5) VIOLATION OF CAL. LABOR CODE § 2802;
(6) VIOLATION OF CAL. LABOR CODE § 2698, *ET SEQ.*;
(7) VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*

**DEMAND OVER $25,000.00**

Plaintiff Shannon Sanchez (together, "Plaintiff") hereby submits this Class Action Complaint ("Complaint") against Defendant American Para Professional Systems, Inc., Defendant A.P.P.S. of California and Does 1 through 50 (hereinafter collectively referred to as "Defendants") on behalf of herself and the class of all other similarly situated current and former "Examiners" of Defendants for failure to pay all minimum and overtime wages owed, failure to provide off-duty meal periods and paid rest breaks, failure to provide accurate itemized wage statements, failure to reimburse all business-related expenses, failure to pay wages in a timely manner upon separation of employment, and penalties under the California Labor Code, and for restitution as follows:

## INTRODUCTION

1.   This class action is within the Court's jurisdiction under California Labor Code §§ 201-203, 226, 226.2, 226.7, 510, 512, 1194, 1197, 1197.1, 2802, and 2698, et seq., the applicable Wage Orders of the California Industrial Welfare Commission ("IWC") and the California Unfair Competition Law (the "UCL"), Business and Professions Code § 17200, et seq.

2.   This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and the UCL against individuals who worked for Defendants.

3.   Plaintiffs are informed and believe, and based thereon allege, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all Examiners in Defendants' failure to: (a) properly pay minimum and/or overtime wages for all hours worked; (b) provide paid rest breaks; (c) provide duty-free meal periods; (d) provide accurate itemized wage statements; and (e) reimburse business expenses; and (f) pay wages in a timely manner upon separation of employment.

4.   Plaintiffs are informed and believe, and based thereon allege, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and the UCL by creating and maintaining policies, practices, and customs that knowingly deny its Examiners the above stated rights and benefits.

5.   The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the UCL.

6.   The Court has jurisdiction over the violations of the California Labor Code §§ 201-203, 226, 226.2, 226.7, 510, 512, 1194, 1197, 1197.1, 2802, and 2698, et seq., and the UCL.

**PARTIES**

7.   On or about October 2015, Defendants hired Plaintiff as an Examiner, which Defendant classified as an independent contractor position. Plaintiff worked as a Medical Examiner conducting medical exams for life insurance applications. Plaintiff was compensated on a piece-rate basis for her work. Plaintiff contends that she and the Class were improperly classified as independent contractors and instead should have been classified as employees and therefore entitled to the various protections provided to employees by the California Labor Code.

8.   Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed by California Labor Code §§ 201-203, 226, 226.2, 226.7, 510, 512, 1194, 1197, 1197.1, 2802, and 2698, et seq., and the UCL.

9.   Plaintiff is informed and believes and based thereon alleges Defendant American Para Professional Systems, Inc. was and is a New York corporation doing business in the State of California providing paramedical examination services.

10.   Plaintiff is informed and believes and therefore alleges that Defendant A.P.P.S. of California is a California entity of an unknown type that appears on the front of wage documents provided by Defendants to Plaintiff.

11.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

12.   As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Code §§ 201-203, 226, 226.2, 226.7, 510, 512, 1194, 1197, 1197.1, 2802, and 2698, et seq., and the UCL.

13. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs, and injuries complained of herein.

14. At all times herein mentioned, each of said defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego, and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and

abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

18. **Definition:** The named individual Plaintiffs seek class certification, pursuant to California Code of Civil Procedure § 382, of a class of all current and former Examiners who worked for Defendants at any time during the period of February 27, 2013 to the present, in the State of California (the "Class"). The Class consists of the following subclasses:

   a. All current and former Examiners who worked for Defendants at any time between February 27, 2013 to the present, and worked 3.5 hours or more during any work shift ("Rest Break Sub-Class");

   b. All current and former Examiners who worked for Defendants at any time between February 27, 2013 to the present, and worked more than 5 hours during any work shift ("Meal Break Sub-Class"); and

   c. All current and former Examiners who worked for Defendants at any time between February 27, 2016 to the present, and received at least one itemized wage statement ("Wage Statement Sub-Class").

19. Plaintiff further reserves the right to amend such class definitions based upon further discovery.

20. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identities of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records. Plaintiffs are informed and believe, and based thereon allege, that Defendants: (a) failed to pay minimum wages to Class Members in violation of Labor Code §§ 226.2, 1194, 1197, and 1197.1; (b) failed to pay overtime wages to Class Members in violation of Labor Code §§ 226.2, 510, and 1194; (c) failed to provide off-duty meal and paid rest periods in violation of Labor Code §§ 226.2, 226.7 and 512; (d) failed to provide accurate itemized wage statements to Class Members in violation of Labor Code §§ 226(a) and 226.2; (e) failed to reimburse Class Members for business expenses in violation of Labor Code §2802; (f) pay wages in a timely

1  manner upon separation of employment in violation of Labor Code §§201-203; and (g) engaged
2  in unfair business practices in violation of the California Labor Code, the applicable IWC Wage
3  Orders, and the UCL.

4    21.  **Adequacy of Representation:** The named Plaintiff is fully prepared to take all
5  necessary steps to represent fairly and adequately the interests of the Class defined above.
6  Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and
7  the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class
8  actions in the past and currently have a number of wage-and-hour class actions pending in
9  California state and federal courts.

10    22.  **Common Question of Law and Fact:** There are predominant common questions
11  of law and fact and a community of interest amongst Plaintiff and the claims of the Class
12  concerning Defendants' policy and practice of: (a) failing to pay minimum wages to Class
13  Members in violation of Labor Code §§ 226.2, 1194, 1197, and 1197.1; (b) failing to pay
14  overtime wages to Class Members in violation of Labor Code §§ 226.2, 510, and 1194; (c)
15  failing to provide off-duty meal and paid rest periods in violation of Labor Code §§ 226.2, 226.7
16  and 512; (d) failing to provide accurate itemized wage statements to Class Members in violation
17  of Labor Code §§ 226(a) and 226.2; (e) failing to reimburse Class Members for business
18  expenses in violation of Labor Code § 2802; and (f) engaging in unfair business practices in
19  violation of the California Labor Code, the applicable IWC Wage Orders, and the UCL.

20    23.  **Typicality:** The claims of Plaintiff are typical of the claims of all members of
21  the Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical
22  manner as the Class Members. As with all other Examiners misclassified as independent
23  contractors in the State of California, Plaintiff was paid on a piece-rate basis. Plaintiff did not
24  receive minimum and overtime wages for time spent working for Defendants completing non-
25  piece-rate tasks. As a result, Plaintiff was consistently underpaid for all hours worked, including
26  hours worked in excess of eight hours in a day. Therefore, Defendants owe Plaintiff (and Class
27  Members) unpaid minimum wages and/or additional overtime pay. Given that Defendants
28  willfully failed to pay Plaintiff and Class Members all wages owed, Defendants are liable for

1  waiting time-penalties pursuant to Labor Code §§ 201, 202, and 203. Additionally, Plaintiff was
2  routinely required to work without being provided a duty-free meal period of at least 30 minutes
3  during the first 5 hours of her work shift. Furthermore, because Plaintiff was paid on a piece-rate
4  basis and did not receive an hourly wage, any duty-free rest breaks Plaintiff may have taken were
5  not "paid" breaks. Defendants also failed to reimburse Plaintiff for business-related expenses.
6  Plaintiff was routinely required to travel to clients' home or other locations to perform exams
7  using her personal vehicle; however, Defendants did not reimburse her for these costs. In
8  addition to the above, the wage statements provided by Defendants to Plaintiff failed to identify
9  the applicable rate(s) of pay and/or applicable rates or numbers for each piece rate wage earned
10 by Plaintiff, accurate pay period dates, Defendants' legal name and address, the total number of
11 hours worked, the applicable rates of pay for non-productive time, and the last four digits of
12 Plaintiff's Social Security number or an employee identification number. Therefore, Plaintiff is
13 a member of the Class and has suffered the alleged violations of California Labor Code §§ 201-
14 203, 226, 226.2. 226.7, 510, 512, 1194, 1197, 1197.1, 2802, and 2698.

15      24.     The California Labor Code upon which Plaintiff bases these claims are broadly
16 remedial in nature. These laws and labor standards serve an important public interest in
17 establishing minimum working conditions and standards in California. These laws and labor
18 standards protect the average working employee from exploitation by employers who may seek
19 to take advantage of superior economic and bargaining power in setting onerous terms and
20 conditions of employment.

21      25.     The nature of this action and the format of laws available to Plaintiff and
22 members of the Class identified herein make the class action format a particularly efficient and
23 appropriate procedure to redress the wrongs alleged herein. If each employee were required to
24 file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable
25 advantage since it would be able to exploit and overwhelm the limited resources of each
26 individual plaintiff with their vastly superior financial and legal resources. Requiring each class
27 member to pursue and individual remedy would also discourage the assertion of lawful claims by
28 employees who would be disinclined to file an action against their former and/or current

employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

26. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

27. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the full amount of unpaid wages, including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 218.6, 226, and Code of Civil Procedure § 1021.5.

28. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is a representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

29. The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

### FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 226.2, 510, 1194, 1197, AND 1197.1

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as

1 | though fully set forth herein.

2 | 31. This cause of action is brought pursuant to Labor Code §§ 226.2, 510, 1194, 1197, and 1197.1 which require an employer to pay employees for all regular hours worked, including rest and recovery periods and other nonproductive time for those who receive piece-rate compensation.

32. As a pattern and practice, Defendants suffered and permitted employees to work without payment of minimum wages or overtime wages for all hours worked in a workday and workweek. Specifically, Defendants paid employees on a piece-rate basis but did not pay wages for time spent traveling between work assignments, or provide paid rest periods. As a result, Plaintiff and Class Members were consistently underpaid for all hours worked, which caused their pay to fall below minimum wage and to not be paid for overtime worked.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to pay all wages due and owing to Class Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

34. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 226.2, 510, 1194, 1197, and 1197.1.

## SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 226.7 AND 512

(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. This cause of action is brought pursuant to Labor Code §§ 226.7 and 512, which require an employer to provide employees with an uninterrupted 30-minute meal period for each

1 shift of more than 5 hours. Additionally, an employer is required to make a second uninterrupted meal period available to an employee who works above ten (10) hours in a day.

37. As a pattern and practice, Defendants failed to provide Class Members with required meal breaks in compliance with the law. Class Members did not have an opportunity to take timely, uninterrupted meal periods, nor were they compensated for this denial of a meal period. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code §§ 226.7, 512 and the applicable IWC Wage Order. Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each meal period Plaintiff and the class members missed.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to pay all wages due and owing to Class Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

39. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 226.7, and 512.

**THIRD CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §§ 226.2 AND 226.7**

**(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41. This cause of action is brought pursuant to Labor Code §§ 226.2 and 226.7, which require an employer to provide employees with a ten (10) minute paid rest period for every 3.5 hours worked by an employee. Defendants failed in their affirmative obligation to ensure that Plaintiff and other class members had the opportunity to take and were provided with duty-free

rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. As a result of Defendants' compensation scheme, Plaintiff and the class were not provided with "paid" rest breaks. As such, Defendants are responsible for paying premium compensation for missed rest periods, as well as the lost wages for the unpaid rest breaks pursuant to Labor Code §§ 226.2, 226.7 and the applicable IWC Wage Order.

42. As a pattern and practice, Plaintiff and class members regularly worked shifts of 3.5 hours or more per day and accordingly had a right to take a paid 10-minute duty-free rest period each day worked in any such shifts. However, given that Plaintiff and class members were compensated on a piece-rate basis for performing medical exams, they were not provided with "paid" rest breaks.

43. Plaintiff and class members were not paid an hourly wage and any such duty-free rest breaks Plaintiff and class members may have taken were not compensated.

44. Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay employees who were not provided paid rest breaks, and that Plaintiff and other class members are owed wages for the rest period violations set forth above. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

45. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and class members identified herein, in a civil action, for the lost wages and unpaid balance of the premium compensation pursuant to Labor Code §§ 226.2, 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

### FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 226(a) AND 226.2

(BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

47. Defendants failed in their affirmative obligation to provide accurate itemized wage statements. For instance, the wage statements provided to Plaintiff failed to identify the applicable rate(s) of pay and/or applicable rates/numbers for each piece rate earned by Plaintiff. The wage statements provided to Plaintiff also failed to identify the accurate pay period dates, failed to identify Defendants' legal name and address, failed to identify the total hours worked in the pay period, failed to identify the applicable rates of pay for non-productive time, and failed to identify the last four digits of Plaintiff's social security number or an employee identification number.

48. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code §§ 226 & 226.2 including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 226 and 226.2.

## FIFTH CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 2802
(BY PLAINTIFFS AGAINST ALL DEFENDANTS)

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as though fully set forth herein.

50. Pursuant to Labor Code Section 2802, an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of his or her duties.

51. Defendants violated Labor Code Section 2802 by failing to reimburse Plaintiff and other members of the Class for expenses incurred in the performance of their duties, including, expenses associated with travel mileage which Plaintiff and other members of the Class were required to do in performance of their duties.

52. As a direct and proximate result of Defendants' failure to reimburse Plaintiff and other members of the Class for work related expenses, Plaintiff and Class members are entitled to recover their out of pocket expenses, including interest, and attorneys' fees and costs pursuant to Labor Code Section 2802 in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 2698, *ET SEQ.*

### (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 as though fully set forth herein.

54. Plaintiff bring this cause of action on behalf as a proxy for the State of California and in this capacity, seeks penalties on behalf of all Aggrieved Employees from October 18, 2015, through the present, for Defendants' violations of Labor Code §§ 201, 202, 203, 226, 510, 512, 1194, 1197, 1197.1 and 2802 arising from Defendants' failure to: (a) pay minimum wages to Aggrieved Employees; (b) pay overtime wages to Aggrieved Employees; (c) provide meal and paid rest periods to Aggrieved Employees; (d) provide accurate itemized wage statements to Aggrieved Employees; (e) reimburse Aggrieved Employees for all business expenses incurred in the performance of their job duties; and (f) provide Aggrieved Employees the wages due and owing them upon separation from employment.

55. On or about October 18, 2016, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendants' violations of Labor Code §§ 201, 202, 203, 226, 510, 512, 1194, 1197, 1197.1 and 2802, pursuant to Labor Code § 2698, *et seq.*, the Private Attorney General Act ("PAGA"). To date, the LWDA has not responded to Plaintiff's written notice.

56. As such, pursuant to Labor Code section 2699(a), Plaintiff seeks recovery of any and all applicable civil penalties for Defendants' violation of Labor Code §§ 201, 202, 203, 226, 510, 512, 1194, 1197, 1197.1 and 2802, for the time periods described above, on behalf of herself and other Aggrieved Employees.

### SEVENTH CAUSE OF ACTION

VIOLATIONS OF THE UCL, BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*
(BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

57. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 as though fully set forth herein.

58. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by: (1) failing to correctly calculate and pay minimum and overtime wages in violation of Labor Code §§ 510, 1194 and 1197; (2) failing to provide meal and rest periods in violation of Labor Code §§ 226.2, 226.7, and 512; (3) failing to reimburse employees for all business related expenses incurred pursuant to the performance of their job duties in violation of Labor Code § 2802.

59. Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

60. Plaintiff seeks, individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

61. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive, and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the Class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order appointing Plaintiff as the representative of the Class as described herein;

2. For an order appointing Counsel for Plaintiff as class counsel;

3. Upon the First Cause of Action, for damages and/or penalties pursuant to statute as set forth in Labor Code §§ 201-203, 226.2, 510, 1194, 1197, and 1197.1 and for costs and attorneys' fees;

4. Upon the Second Cause of Action, for damages and/or penalties pursuant to statute as set forth in Labor Code §§ 201-203, 226.7 and 512, and for costs and attorneys' fees;

5. Upon the Third Cause of Action, for damages and/or penalties, as well as attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 226.2 and 226.7;

6. Upon the Fourth Cause of Action, for damages and/or penalties, as well as attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 226 and 226.2;

7. Upon the Fifth Cause of Action, for damages and/or penalties, as well as attorneys' fees and costs, pursuant to statute as set forth in Labor Code § 2802;

8. Upon the Sixth Cause of Action, for civil penalties according to proof pursuant to Labor Code § 2698, *et seq.*, and for costs and attorneys' fees;

9. Upon the Seventh Cause of Action, for restitution to Plaintiffs and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*;

10. On all causes of action for attorneys' fees and costs as provided by California Labor Code §§ 201-203, 218.5, 226, 510, 512, 1194, 1197, 1197.1 2802 and 2698, et seq., and Code of Civil Procedure § 1021.5; and

11. For such other and further relief that the Court may deem just and proper.

DATED: February 27, 2017                    DIVERSITY LAW GROUP, P.C.

By: _____
Larry W. Lee
Attorneys for Plaintiffs and the Class