UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHANNON SANCHEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN PARA PROFESSIONAL SYSTEMS INC, et al.,<br><br>    Defendants. | Case No. 5:17-cv-01835-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 12 |

Plaintiff Shannon Sanchez moves to remand this case to Santa Clara County Superior Court on the basis that Defendants American Para Professional Systems, Inc. and APPS of California (together, "APPS") have failed to show that the amount in controversy exceeds the jurisdictional threshold. Sanchez's motion will be GRANTED.

**I.    BACKGROUND**

On February 27, 2017, Sanchez filed this action against APPS in Santa Clara County Superior Court, alleging a variety of labor violations. Pl.'s Mot. to Remand ("Mot.") 1, Dkt. No. 12. The complaint was styled as both a class action and a Private Attorney General Action under

1  the California Private Attorney General Act ("PAGA"), Cal. Labor Code § 2628 et seq. Id. On
2  March 31, Defendants removed the action to this Court under the Class Action Fairness Act
3  ("CAFA"). Id. Sanchez now moves to remand on the basis that the amount in controversy is less
4  than CAFA's $5 million jurisdictional threshold.

## II. LEGAL STANDARD

A class action case may be removed under CAFA when there is diversity of citizenship between the parties and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). Defendants bear the burden of showing that removal was proper. Gaus v. Miles, Inc., 980 F.3d 564, 566 (9th Cir. 1992). Courts must strictly construe the removal statute against removal. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). Cases should be remanded if there is any doubt about the existence of federal jurisdiction. Gaus, 980 F.2d at 566.

## III. DISCUSSION

### A. Amount in Controversy

Sanchez argues that this case must be remanded because APPS has failed to show that the amount in controversy exceeds CAFA's $5 million threshold. Mot. 1. APPS's damages calculation in its notice of removal relies on PAGA damages, which total $1,062,698. Id. Without PAGA damages, the remaining damages amount to $4,250,795. Id. Sanchez argues that PAGA claims cannot be included as part of CAFA's jurisdictional threshold because PAGA claims are not class claims. Id. at 2, 4 (citing Yocupicio v. PAE Group LLC, 795 F.3d 1057 (9th Cir. 2015)). Thus, because PAGA claims must be excluded from the damages calculation, Sanchez argues that APPS cannot meet the $5 million threshold.

APPS responds that PAGA claims may be pled as class claims, and that Sanchez's complaint "appears, in many respects, to seek class status with respect to the asserted PAGA claims." Defs.' Opp'n to Pl.'s Mot. to Remand ("Opp'n") 7, Dkt. No. 13. For instance, APPS notes that the complaint is captioned as a "class action complaint for damages" and contains several references to "the class" and "this class action." Id. at 7–8. As a result, APPS argues that PAGA damages are properly included in the amount in controversy. Id. APPS also offers a revised

Case No.: 5:17-cv-01835-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
2

calculation of the amount in controversy in its opposition brief, and on that basis it argues that the amount exceeds $5 million even if PAGA damages are excluded. Id. at 9–24.

Sanchez replies that she is not pursuing PAGA claims on a class basis. She notes that the complaint asserts the PAGA cause of action "as a proxy for the State of California," rather than on behalf of a class. Pl.'s Reply in Support of Mot. to Remand ("Reply") 3, Dkt. No. 15. She also notes that the class definition encompasses a period beginning in February 2013, but that the PAGA claim is asserted for a period beginning in October 2015. Id. And she notes that the phrase "class action" in the complaint's caption is irrelevant because the California Rules of Court require that designation if <u>any</u> claims are brought on a class basis, even if other claims are not. Id. at 3–4. The Court agrees that Sanchez's PAGA claims are not asserted as class claims. As such, the PAGA damages she seeks must be excluded from the $5 million CAFA threshold.

Sanchez also challenges APPS's calculation of damages arising from her claims for missed rest periods. Reply 5–8. In its notice of removal, APPS based its calculation of damages for missed rest breaks on the assumption that class members suffered "three rest break violations per week worked." Notice of Removal 11, Dkt. No. 1. It based this assumption on Sanchez's allegation that "[a]s a pattern and practice, Plaintiff and class members regularly worked shifts of 3.5 hours or more per day." Id. at 11 n.5. Sanchez did not challenge this assumption in her motion to remand; instead, she introduced new evidence (in a declaration attached to her reply to APPS's motion to remand) showing that she often worked for fewer than three hours per day—which, she argues, shows that APPS's estimate of three rest break violations per week is unreasonably high. Reply 5–8; Sanchez Decl. ¶¶ 2–3, Dkt No. 15-1. But APPS correctly points out that Sanchez may not introduce new evidence in its reply brief. Defs.' Mot. for Leave to File Sur-Reply ("Sur-Reply") 3–4, Dkt. No. 16.[1] The Court finds that APPS's calculation of damages for missed rest periods was reasonable based on the allegations in the complaint. Accordingly, damages for missed rest periods are properly included in the amount in controversy.

---

[1] APPS's motion for leave to file a sur-reply (Dkt. No. 16) is granted.

Finally, Sanchez argues that APPS's calculation of damages under Cal. Labor Code § 1197.1 must be excluded because that statute recognizes a private right of action for PAGA claims but not for class claims. Reply 4–5 (citing Ridgeway v. Wal-Mart Stores Inc., No. 08-cv-05221-SI, 2017 WL 363214 (N.D. Cal. Jan. 25, 2017)). APPS responds that there is, at least, a split of authority on the question of whether § 1197.1 allows for a private right of action for class claims. Sur-Reply Ex. A at 1–3. APPS argues that this case should proceed in federal court because a motion to remand is not the proper vehicle for determining whether a private right of action exists. Id. at 1. However, at this stage, APPS bears the burden of establishing federal jurisdiction in response to Sanchez's motion to remand. Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) ("The party seeking removal bears the burden of establishing federal jurisdiction."). If there are doubts about the existence of federal jurisdiction, the case must be remanded. Gaus, 980 F.2d at 566. Here, there is ambiguity surrounding whether a private right of action exists for class claims under § 1197.1. As such, the existence of federal jurisdiction is in doubt, and damages for claims under § 1197.1 must be excluded from the amount in controversy.

The Court finds that APPS has not established that the amount in controversy exceeds CAFA's $5 million threshold. Under APPS's calculation, the total amount in controversy (excluding PAGA claims) is approximately $5.3 million. Opp'n 9. Penalties under § 1197.1 amount to approximately $1.8 million. Id. at 9, 20–22. Thus, excluding § 1197.1 penalties, the amount in controversy is less than $5 million.

**B. Attorneys' Fees**

Sanchez seeks $5,400 in attorneys' fees for filing her motion to remand. Mot. 5–6. The U.S. Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132 (2005). Here, the Court finds that an award of attorneys' fees is unwarranted APPS's basis for removal was objectively reasonable because it was based on good-faith calculations of the amount in controversy.

Case No.: 5:17-cv-01835-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
4

## IV. CONCLUSION

Sanchez's motion to remand is GRANTED. Sanchez's request for attorneys' fees is DENIED. The Clerk shall remand this case to Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: August 22, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-01835-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
5